UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIDEN TECHNOLOGIES, INC., | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | CIVIL ACTION NO. 3:25-CV-0635-B |
| ASPEN SPECIALTY INSURANCE COMPANY and EVANSTON INSURANCE COMPANY, | | |
| Defendants. | | |

## ORDER

Before the Court is Plaintiff Aiden Technologies, Inc. ("Aiden")'s Agreed Motion to Remand (Doc. 6). Aiden seeks to remand this case to the 416th Judicial District Court, Collin County, Texas, because of a procedural defect in Defendant Aspen Specialty Insurance Company ("Aspen")'s removal. *Id.* at 1. Specifically, Aiden contends that Aspen removed the case to the wrong federal judicial district. *Id.* For the following reasons, the Court **GRANTS** Aiden's Motion and the case is **REMANDED** to the 416th Judicial District Court, Collin County, Texas.

A defendant who wants to remove a civil action from a state court to a federal district court must "file in the district court of the United States for the district and division within which such action is pending a notice of removal." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (quoting 28 U.S.C. § 1446(a)) (emphasis and alteration omitted). "Removal may be improper . . . for jurisdictional or procedural reasons." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020). For a court to remand based on a procedural defect, the plaintiff must file a motion

to remand within 30 days after the notice of removal is filed. *Id.* (citing 28 U.S.C. § 1447(c)). "[R]emoval to the incorrect judicial district is procedural . . . ." *Id.* at 550.

Here, remand is proper because Aiden filed its motion based on a procedural defect within 30 days after Aspen filed the notice of removal. *See* Doc. 6, Mot. Remand; Doc. 1, Notice Removal. Aiden filed a Petition in the 416th Judicial District, Collin County, Texas. Doc. 1-1, Pet. A case brought in state court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Collin County is located in the Sherman Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(3). Therefore, removal to the Dallas Division of the Northern District of Texas was procedurally improper. Aiden timely filed a motion to remand, so the Court remands the case. *See Hinkley*, 968 F.3d at 549.

Accordingly, Aiden's Motion to Remand (Doc. 6) is **GRANTED**. The case is **REMANDED** to the 416th Judicial District Court, Collin County, Texas.

**SO ORDERED.**

**SIGNED: March 26, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE